IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| OBJECT RESOURCES, INC., ) | Case No. 05-20627 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| CARL R. CLARK, TRUSTEE ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary No._____ |
| ) | |
| RAMESH GANESAN, ) | |
| SURESH RAMAMURTHI, a/k/a SURESH RAM, ) | |
| and ) | |
| SUCHITRA PADMANABHAN ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

COMES NOW the Trustee of Object Resources, Inc., Carl R. Clark, (hereinafter "Plaintiff"), by and through counsel Lentz & Clark, P.A., and for his Complaint, states as follows:

The Parties

1. Plaintiff is the acting Trustee for the bankruptcy estate of Object Resources, Inc.

2. Defendant Ramesh Ganesan (hereinafter "Defendant Ganesan") is an adult individual, with a last known mailing address of P.O. Box 3831, Olathe, Kansas, 66063.

3. Defendant Suresh Ramamurthi a/k/a Suresh Ram (hereinafter "Defendant Ramamurthi") is an adult individual, with a last known mailing address of P.O. Box 733, Mission, Kansas, 66201.

4. Defendant Suchitra Padmanabhan (hereinafter "Defendant Padmanabhan") is an adult individual, with a last known mailing address of P.O. Box 733, Mission, Kansas, 66201.

5. On February 25, 2005 (the "Petition Date"), Object Resources, Inc. ("Debtor") commenced a bankruptcy proceeding under Chapter 7 of the United States Bankruptcy Code.

1

## Legal Authority and Jurisdiction

6. This adversary proceeding arises out of the Debtor's bankruptcy case now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and 11 U.S.C. § 523. Venue is proper under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H).

## Factual Allegations

7. Defendant Ramamurthi started the Debtor in or around 1995 and served as its president and chief executive officer until early 2001.

8. Defendant Ganesan took over the roles of president and chief executive officer of the Debtor in or around early 2001, at the time Defendant Ramamurthi ceased acting is such roles.

9. Defendant Padmanabhan was employed by the Debtor from at least early 2001 to the Petition Date.

10. From at least early 2001 until the Petition Date (collectively, this is referred to as the "Time Period") all three Defendants possessed and exerted control and domination over the affairs of the Debtor, including but not limited to decision-making ability and control and check-writing ability and control.

11. Upon information and belief, in or around late 2000, Defendant Padmanabhan engaged in certain financial transactions with MCS Software Solutions and the Debtor, which at the time such transactions were not approved by the board of directors of Debtor. In connection with these financial transactions, Defendant Padmanabha obtained a purported security interest in the assets of the Debtor and Defendant Padmanah received, without board approval, a loan guarantee from the Debtor.

12. Defendant Ganesan also engaged in various financial transactions with the Debtor during the Time Period, and received payments from the Debtor in the one year preceding the Petition Date in the approximate amount of $51,715.63.

13. During the Time Period, Defendant Ramamurthi owned an entity named Imagineering Software, Inc., a/k/a Imagineering Ltd. (collectively, "Imagineering"). Upon information and belief,

2

significant monies were sent by Debtor to Imagineering, for which Debtor did not receive reasonably equivalent value.

14. During the Time Period, upon information and belief all three Defendants held some interest in or ownership of an entity named E-Portal, Ltd., or some similar name. Upon information and belief, significant monies were sent by Debtor to E-Portal, Ltd., for which Debtor did not receive reasonably equivalent value.

15. During the Time Period, upon information and belief, Defendant Ramamurthi owned and controlled entities named NetSonata and Hypertext Software. Upon information and belief, Defendant Ramamurthi directed one of Debtor's employees, Michael Pastushkov, to provide technical services to NetSonata and Hypertext Software. Defendant Ganesan and Defendant Padmanahbua were aware of this inappropriate use of corporate assets but did not take steps to prevent or stop the activity.

16. Upon information and belief, Defendant Ganesan lived in India during portions of the Time Period. During his time in India, upon information and belief, Defendant Ganesan incurred various living expenses that he later inappropriately charged to Debtor and recovered from Debtor.

17. During the Time Period, upon information and belief, all the Defendants failed to comply with various corporate formalities and requirements, including but not limited to failure to file timely reports; failure to maintain H-1B visa qualification; failure to make various payroll deposits for salary and/or taxes; failure to comply with various bank reporting requirements and/or financial statement requirements; and failure to comply with various audit requirements. Due to these failures, Debtor suffered various damages.

18. Due to Defendants actions and/or omissions, the Debtor suffered both direct and indirect damage and loss.

## Count I – Preference §547

19. Plaintiff restates, realleges and incorporates by reference, Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Prior to the Petition Date, Debtor transferred property to Defendant Ganesan in one or

more payments ("Preference Payment").

21. Defendant Ganesan received Preference Payments in the total known amount of $51,715.63.

22. The payment (s) or transfer (s) by the Debtor to Defendant Ganesan were made to or for the benefit of Defendant Ganesan.

23. The payment(s) or transfer(s) were for or on account of an antecedent debt owed by the Debtor to Defendant Ganesan before such was made.

24. The payment(s) or transfer(s) were made while Debtor was insolvent.

25. The payment(s) or transfers(s) were made on or within one year before the Petition Date.

26. The payment(s) or transfers(s) allowed Defendant Ganesan to receive more than he would have received as creditor if: (a) this bankruptcy case was commenced under Chapter 7 of Title 11; (b) the payment(s) or transfer(s) of goods had not been made; and (c) Defendant received such payment(s) or transfer(s) of its debt to the extend provided by the provisions of Title 11.

27. Plaintiff is entitled to interest from the date of the filing of this Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant Ganesan as follows:

    a. Avoiding the payment(s) or transfer(s) detailed herein pursuant to 11 U.S.C. §547 and 550;

    b. Awarding judgment against Defendant Ganesan in the amount of $ 51,715.63, plus (i) interest from the date of the filing of this complaint to the date of judgment; (ii) interest from and after the date of judgment; (iii) for costs of this action; and (iv) attorney fees incurred by Plaintiff in this action; and

    c. Such other and further relief as is just and proper.

<u>Count II – Waste</u>

28. Plaintiff restates, realleges and incorporates by reference, Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. As officers, directors, and/or operators of Debtor, Defendants had a duty to refrain from

4

committing waste to the assets of Debtor.

30. Defendants breached this duty when they laid waste to corporate assets. As a direct and proximate result of this breach, Debtor was damaged.

WHEREFORE, Plaintiff prays for judgment against each Defendant on his claims in Count Two awarding Plaintiff damages in an amount that is reasonable to compensate Plaintiff for his losses, awarding appropriate pre-judgment and post-judgment interest, awarding Plaintiff his costs incurred herein, and such granting such other relief as the Court determines is just and proper.

### Count III – Breach of Fiduciary Duty

31. Plaintiff restates, realleges and incorporates by reference, Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. As offices, directors and/or operators of Debtor, the Defendants owed a fiduciary duty to the Debtor to act with the utmost care and loyalty.

33. When the Debtor became insolvent, the Defendants owed the same duty of care and loyalty to the Debtor's creditors.

34. The Defendants breached their duty of care and loyalty to the Debtor and its creditors by, among other acts, (a) directing, allowing, or acquiescing to the misappropriation of corporate assets and/or employees to be used for the benefit of other entities, for which Debtor received no value; (b) engaging in unauthorized financial transactions with the Debtor that placed the Debtor in a perilous financial position or allowed the Defendants to improperly receive security interest(s) in the Debtor's assets; and (c) engaging in actions and/or omissions that diminished Debtor's ongoing viability.

35. As a direct and proximate result of these breaches, Debtor was damaged.

WHEREFORE, Plaintiff prays for judgment against the Defendants on his claims in Count Three awarding damages in an amount that is reasonable to compensate Plaintiff for its losses, awarding Plaintiff appropriate pre-judgment and post-judgment interest, awarding Plaintiffs his costs incurred herein, and such granting such other relief as the Court determines is just and proper.

### Count IV – Aiding and Abetting Breach of Fiduciary Duty

36. Plaintiff restates, realleges and incorporates by reference, Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. If an to the extent that any Defendant is found not to have had a fiduciary duty to the Debtor at the time of the conduct complained of herein, each such Defendant is nevertheless liable for having aided and abetted the breach of fiduciary duty by one or more of the other Defendants possessing such duties at the relevant times. Each non-fiduciary Defendant substantially and knowingly participated in, benefited from, and aided and abetted the breach of fiduciary duty engaged in by those Defendants possessing such duties at the relevant times.

38. As a result of Defendants' aiding and abetting the breach of fiduciary duties, the Debtor suffered damages.

WHEREFORE, Plaintiff prays for judgment against each Defendant on his claims in Count Four awarding Plaintiff damages in an amount that is reasonable to compensate Plaintiff for his losses, awarding appropriate pre-judgment and post-judgment interest, awarding Plaintiff his costs incurred herein, and such granting such other relief as the Court determines is just and proper.

### Count V – Fraudulent Transfer

39. Plaintiff restates, realleges and incorporates by reference, Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Defendants made or allowed to be made transfers to various entities and/or individuals (the "Transfers") of an interest of the Debtor in property.

41. The Transfer occurred within one year before the Petition Date.

42. These Transfers were done by Defendants for no, or less than reasonable, value or consideration.

43. The Transfers were undertaken with the intent to hinder, delay, or defraud the Debtor's creditors.

44. These actions by Defendants constituted fraudulent transfers by Defendants of the

6

Case 07-06039    Doc# 1    Filed 02/23/07    Page 6 of 8

property of Debtor, or its rights therein, in violation of K.S.A. § 33-201 et seq. and in contravention of 11 U.S.C. §§ 544 and 548, and are subject to avoidance by the Plaintiff.

45. As a direct and proximate result of the fraudulent transfers, Debtor was damaged and its creditors were intentionally deprived of assets available for satisfaction of their claims.

WHEREFORE, Plaintiff prays for judgment against Defendants on his claims in Count Five awarding damages in an amount that is reasonable to compensate Plaintiff for his losses, awarding Plaintiff appropriate pre-judgment and post-judgment interest, awarding Plaintiffs his costs incurred herein, and such granting such other relief as the Court determines is just and proper.

### Count VI – Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550

46. Plaintiff incorporates by reference the averments states in paragraphs 1 through 45 of this Complaint.

47. The transfers described herein, to the extent they are avoided pursuant to 11 U.S.C. §544, §547 and §548, may be recovered by the Trustee pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff prays judgment against Defendants and respectfully requests that this Court enter a judgment in his favor and against the Defendants declaring that the Plaintiff may recover the transfers described herein from the Defendants pursuant to 11 U.S.C. § 550; ordering Defendants to pay to the Plaintiff the aggregate amount of the transfers described herein, plus interest; awarding Plaintiff his costs incurred in this action; and granting such other and further relief as the Court deems just and equitable.

### Count VII – Accounting

48. Plaintiff incorporates by reference the averments states in paragraphs 1 through 47 of this Complaint.

49. Upon information and belief, Defendants have acted prior to the Petition Date in a fiduciary or custodial capacity on behalf of the Debtor.

50. Upon information and belief, the Debtor transferred property to Defendants prior to the Petition Date.

51. The Plaintiff is entitled to an accounting of any property, real and/or personal, transferred to Defendants by the Debtor, or proceeds, product, off-spring, rents, or profits of such property that was in their control pursuant to Section 542(b)(2) of the Bankruptcy Code.

52. The Plaintiff is entitled to evaluate any transfers by the Debtor to Defendants for possible avoidance under Sections 544, 547 and 548 of the Bankruptcy Code and reserves the right under those Sections until an accounting of all transfers of Defendants from or to the Debtor have been produced and the scope of those transfers may be evaluated.

WHEREFORE, the Plaintiff respectfully prays that this Court enter a Judgment for the Plaintiff against Defendants, ordering (1) Defendants to file an accounting of all real and personal property, and transfers, payments, or funds received from the Debtor by Defendants both prior to the Petition Date and after the Petition Date; (2) that the Plaintiff's rights under Sections 544, 547, and 548 are reserved upon examination and evaluation of the Accounting; and (3) for such other and further relief as this Court deems just and proper.

Respectfully submitted:

s/ Jeffrey A. Deines
Jeffrey A. Deines, KS #20249
Carl R. Clark, KS #11411
Lentz & Clark, P.A.
9260 Glenwood
P.O. Box 12167
Overland Park, KS 66282-2167
(913) 648-0600
(913) 648-0664 Telecopier
Attorney for Plaintiff